```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ADRIAN A. ALVARADO,

    Petitioner,

vs.                                Case No.   2:03-cv-190-FtM-99SPC

JAMES CROSBY[1], Secretary of
the Florida Department of
Corrections,

    Respondent.

### ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Adrian A. Alvarado, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 on April 18, 2003 (Doc. #1).[2] Petitioner challenges an April 10, 1995 state court judgment of conviction for capital sexual battery entered in the Twentieth Judicial Circuit Court, Collier County, Florida.  The Petition raises one ground for

---

[1] James R. McDonough, the current Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The Petition (Doc. #1) was filed in this Court on April 25, 2003; however, the Court deems the Petition filed when delivered to prison authorities for mailing and, absent evidence to the contrary is assumed to be the date the inmate signed the document (April 18, 2003). See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

relief: Whether Petitioner is entitled to have the evidence examined for DNA. On June 9, 2003, Respondent filed a Response to Petition for Writ of Habeas Corpus ("Response," Doc. #7). On August 15, 2003, Petitioner filed a Traverse to Response ("Traverse") and amended his Petition to include a third[3] claim: Whether Petitioner could have been convicted of capital sexual battery since he was only 17 years old at the time of the crime (Doc. #16). In support of this additional claim, Petitioner attaches a document that allegedly indicates Petitioner's date of birth as June 9, 1976. Respondent filed a Supplemental Response Addressing Petitioner's Third Claim Raised in the Traverse ("Supplemental Response") on October 3, 2003 (Doc. #20). Petitioner, thereafter filed a Reply to the Supplemental Response on March 3, 2006 (Doc. #25).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of  -

---

[3]Although referred to as the "third" claim, this claim is actually only Petitioner's second ground for relief.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent contends that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Response, p. 10 and Supplemental Response, p. 2. Respondent

submits exhibits in support of its Response, including the trial transcript (Doc. #9, Exhs. 1-15, and Exhs. #16, Volumes I-VIII).[4]

Following a six-day jury trial, Petitioner was convicted of sexual capital battery. Specifically, the jury found that Petitioner, being 18 years of age or older, did unlawfully commit sexual battery upon a child less than 12 years of age, by putting his penis inside or in union with the victim's vagina. Exh. #16 at 57-58. On April 10, 1995, the court adjudicated Petitioner guilty and sentenced him to life imprisonment. Id. at 115-130. Petitioner filed a direct appeal raising three grounds: 1) Alvarado's statements to police were improperly admitted; 2) the State failed to establish by competent evidence that Alvarado was "a person 18 years of age or older" as required by statute; and 3) evidence submitted was insufficient to support a conviction. On direct appeal, the appellate court filed a *per curiam* unwritten opinion affirming Plaintiff's conviction on April 19, 1996. Alvarado v. State, 673 So. 2d 33 (Fla. 2d DCA 1996); Exh. #3. Mandate issued on May 9, 1996. Exh. #4.

Petitioner's state conviction thus became final on July 18, 1996 (ninety days after entry of the judgment). See Rules of the

---

[4] The Court will hereinafter refer to the Exhibits submitted in support of the Response as "Exh." and references to the trial transcript ("TT") will include the volume number as well as page.

Supreme Court of the United States, Rule 13.3;[5] Clay v. United States, 537 U.S. 522, 526-527 (2002)(the 90 day period for filing a writ of certiorari starts on the date the appellate court issues its opinion on direct appeal, not from the date the court issues mandate). Since this was <u>after</u> the April 24, 1996, effective date of the AEDPA, Petitioner had one year from the date his conviction became final to file a federal habeas petition (July 18, 1997). The Petition, filed in this Court on April 18, 2003, would be untimely unless Petitioner could avail himself of one of the statutory provisions which extends or tolls the one-year time period.

Here, Petitioner filed his first post-conviction motion (a *pro se* Rule 3.850 motion) on April 17, 1998 (Exh. #5), which was summarily denied by the circuit court on May 13, 1998, and *per curiam* affirmed without opinion by the appellate court on September 23, 1998 (Exh. #9). Mandate issued on October 21, 1998 (Exh. #9). Thus, Petitioner filed his first motion for post-conviction relief <u>after</u> the expiration of the federal one-year limitation period had expired.

Subsequent to filing this first post-conviction motion, Petitioner filed the additional post-conviction motions: a Rule

---

[5] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

-5-

3.800 Motion, petition for writ of habeas corpus in the Florida Supreme Court, and a Rule 3.853 Motion for DNA Testing. Plaintiff's Rule 3.850 motion and these additional post-conviction motions are inconsequential for purposes of determining the timeliness of the Petition *sub judice* since "once the AEDPA's limitations period expires, it cannot be reinitiated." Davis v. McDonough, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)). Consequently, since the Petition was filed after the expiration of the one-year federal time limitation and Petitioner did not avail himself of one of the statutory provisions which extends or tolls the one-year time period, the Petition is untimely.

Petitioner contends that his Petition is not untimely or, in the alternative, should not be barred due to the doctrine of equitable tolling. Petitioner claims that the State of Florida did not enact Fla. R. Crim. Pro. 3.853 until October 18, 2001.[6] Consequently, Petitioner contends that since he timely filed his Rule 3.853 Motion for DNA testing under Florida law, his Petition should be deemed to have run from the date that his Rule 3.853 Motion was denied by the appellate court. Doc. #16 at p. 3.

Equitable tolling is appropriate when a prisoner's petition is

---

[6]Florida Rule of Criminal Procedure 3.853, which provides a state law vehicle for convicted persons to obtain DNA testing, became effective on October 21, 2001.

untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir. 2004)(finding "rare circumstances" merit a finding of equitable tolling). The burden is on Petitioner to make both a showing of extraordinary circumstances that are both beyond his control and unavoidable as well as demonstrate due diligence. This high hurdle is not surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006); Wade, 379 F.3d at 1265 (citation omitted).

Here, Petitioner presents no evidence why he was unable to challenge his conviction based on DNA evidence by filing either a Rule 3.850 motion in the trial court or a federal habeas. Nothing prevented Petitioner under Florida law to seek DNA testing during the one year period of limitations. In fact, the Florida Supreme Court made clear in Ziegler v. State, 654 So.2d 1162 (Fla. 1995) that Petitioner was able to file a request to obtain DNA testing by filing a Rule 3.850 motion during the one-year period of limitations. Petitioner simply chose to wait and do nothing until after the enactment of Rule 3.853. Consequently, the Court finds

Petitioner is not entitled to equitable tolling having not shown any justifiable reason why the dictates of the one year federal limitations period should not be imposed upon him.

Petitioner also contends that he is actually innocent of the crime. His claims of actual innocence are two fold. First, Petitioner claims that the DNA evidence would demonstrate "no union or penetration occurred." Doc. #16 at p. 8. Second, Petitioner claims that he was not 18 years old at the time of the offense; and thus, he could not have been found guilty of the offense since age is an element of the offense. Doc. #16 at p. 12. Petitioner submits an unauthenticated and untranslated document as proof of Petitioner's date of birth.

To make a showing of actual innocence, Petitioner must present new evidence, which would establish that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. House v. Bell, __ U.S. __, 126 S. Ct. 2064 (2006); Schlup v. Delo, 513 U.S. 298, 327 (1995); Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004). Petitioner must produce reliable evidence that was not presented at trial. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). In assessing the adequacy of Petitioner's showing, the Court stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists

> that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Schlup v. Delo, 513 U.S. at 329.

Petitioner suggests that the lack of DNA evidence would prove that union or penetration did not occur and; thus, prove he is innocent of the crime of sexual battery. Ths Court disagrees. Under Florida law, sexual battery involving sexual organs does not require actual penetration. Bank v. State, 342 So. 2d 469 (Fla. 1976). In pertinent part, "sexual battery" is defined as " . . . oral, anal, or vaginal penetration by, **or union with**, the sexual organ of another . . . ." Fla. Stat. §794.011(1)(f)(emphasis added). There was no evidence presented or alleged that Petitioner ejaculated or that his penis "leaked" during the incident in question. Thus, the absence of Petitioner's DNA does not demonstrate Petitioner's factual innocence.

Petitioner's second claim of actual innocence is predicated upon the assertion that Petitioner was not 18 years of age at the time of offense; and, thus could not be guilty of Capital Sexual Battery.[7] Evidence introduced at trial confirmed that Petitioner

---

[7]Respondent contends that the law in effect at the time of Petitioner's trail deemed the age of a defendant relevant for
(continued...)

was over the age of eighteen at the time of the offense. Significantly, Officer Efron Hernandez testified that Petitioner gave May 8, 1974 as his date of birth during questioning, making Petitioner two months shy of twenty years of age at the time of the offense. (Exh. #16, TT, Vol. III at p. 677). Additionally, the victim's mother testified that Petitioner had previously told her that he was nineteen years of age. (Exh. #16, TT, Vol. I at pp. 206-207).

Moreover, the authenticity of the document that purportedly proves Petitioner's date of birth is questionable. The document is not in English and no translation for the document is provided. Further, the document's origin is unknown and Petitioner does not explain why he was not able to present the document at the time of his trial. The Court considers this lone evidence submitted by Petitioner a decade after Petitioner's conviction without explanation for its delay or any evidence of its veracity suspect. Herrera v. Collins, 506 U.S. 390, 423 (1993)(O'Connor, J., concurring)(opining that "11th hours" exculpatory affidavits "with no reasonable explanation for the nearly decade-long delay" are

---

[7](...continued)
purposes of sentencing only and was not an element of the crime. Supplemental Response at pp. 3-4 (Doc. #20). The Court notes that the Second Amended Information charging Petitioner with Capital Sexual Battery age specifically alleges that Petitioner was "eighteen (18) years of age or older." Doc. #16, Exh. D. For the reasons set forth *infra*, the Court need not address whether Petitioner's age was an element of the crime at the time Petitioner was convicted.

"suspect."). The Court, finding Petitioner fails to prove actual innocence, will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1. The case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of November, 2006.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge


SA:   hmk
Copies: All Parties of Record